UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DAWN ROBINSON | CIVIL ACTION |
| VERSUS | NO: 15-5080 |
| DG LOUISIANA | SECTION "H" |

ORDER AND REASONS

Before the Court is Defendant DG Louisiana's Motion for Summary Judgment (Doc. 10). For the following reasons, this Motion is **GRANTED**.

BACKGROUND

This case was removed from the 24th Judicial District Court for the Parish of Jefferson on the basis of diversity. Plaintiff alleges that on July 15, 2016, she slipped and fell in water and/or another foreign substance on the floor at the Dollar General on Behrman Highway in Jefferson Parish. She brings this suit to recover damages for her injuries.

In this Motion, Defendant argues summary judgment is warranted because Plaintiff has failed to put forth evidence concerning Defendant's knowledge of the complained of condition. Plaintiff responds in opposition to this Motion.

1

## LEGAL STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[1] A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[2]

In determining whether the movant is entitled to summary judgment, the Court views facts in the light most favorable to the non-movant and draws all reasonable inferences in his favor.[3] "If the moving party meets the initial burden of showing that there is no genuine issue of material fact, the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial."[4] Summary judgment is appropriate if the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case."[5] "In response to a properly supported motion for summary judgment, the non-movant must identify specific evidence in the record and articulate the manner in which that evidence supports that party's claim, and such evidence must be sufficient to sustain a finding in favor of the non-movant on all issues as to which the non-movant would bear the burden of proof at trial."[6] "We do not . . . in the absence of any proof, assume that the nonmoving party could or would prove the

---

[1] Fed. R. Civ. P. 56(c) (2012).
[2] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).
[3] *Coleman v. Houston Indep. Sch. Dist.*, 113 F.3d 528 (5th Cir. 1997).
[4] *Engstrom v. First Nat'l Bank of Eagle Lake*, 47 F.3d 1459, 1462 (5th Cir. 1995).
[5] *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).
[6] *John v. Deep E. Tex. Reg. Narcotics Trafficking Task Force*, 379 F.3d 293, 301 (5th Cir. 2004) (internal citations omitted).

2

necessary facts."[7]  Additionally, "[t]he mere argued existence of a factual dispute will not defeat an otherwise properly supported motion."[8]

## LAW AND ANALYSIS

Defendant argues summary judgment is warranted in this slip and fall case because Plaintiff cannot meet her burden of proof. La. Rev. Stat. § 9:2800.6, which governs the burden of proof, provides, in pertinent part, as follows:

> A. A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage.
> B. In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:
> (1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
> (2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.
> (3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.
> C. Definitions:
> (1) "Constructive notice" means the claimant has proven that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care. The presence of an employee of the merchant in the vicinity in which

---

[7] *Badon v. R J R Nabisco, Inc.*, 224 F.3d 382, 394 (5th Cir. 2000) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)).

[8] *Boudreaux v. Banctec, Inc.*, 366 F. Supp. 2d 425, 430 (E.D. La. 2005).

> the condition exists does not, alone, constitute constructive notice, unless it is shown that the employee knew, or in the exercise of reasonable care should have known, of the condition.
> (2) "Merchant" means one whose business is to sell goods, foods, wares, or merchandise at a fixed place of business. For purposes of this Section, a merchant includes an innkeeper with respect to those areas or aspects of the premises which are similar to those of a merchant, including but not limited to shops, restaurants, and lobby areas of or within the hotel, motel, or inn.

Plaintiff concedes that there is no evidence that Defendant had actual knowledge of or created the complained of condition. Rather, Plaintiff relies on a "constructive notice" theory. In *White v. Wal-Mart Stores, Inc.*, the Louisiana Supreme Court provided guidance concerning the burden of proof in such cases.[9] The Court indicated that "[t]o prove constructive notice, the claimant must show that the substance remained on the floor for such a period of time that the defendant merchant would have discovered its existence through the exercise of reasonable care."[10] "The statute does not allow for the inference of constructive notice absent some showing of [the] temporal element. The claimant must make a positive showing of the existence of the condition prior to the fall."[11] "A claimant who simply shows that the condition existed without an additional showing that the condition existed for some time before the fall has not carried the burden of proving constructive notice as mandated by the statute."[12]

Plaintiff's evidence concerning the actual presence of water on the floor is scant at best. The record reveals that Plaintiff testified that she slipped in small puddle of water and that it had rained earlier on the day in question. Additionally, she admitted that she did not see the puddle prior to her fall, nor

---

[9] 699 So. 2d 1081 (La. 1997).
[10] *Id.*
[11] *Id.*
[12] Id. at 1084.

4

did she have any knowledge regarding the length of time the puddle had been on the floor. Indeed, the surveillance tapes from the store on the day of her fall show no indication of any water on the floor as Plaintiff entered the store. Plaintiff asks this Court to infer constructive notice based solely on the fact that it had rained earlier on that day.

In support, Plaintiff relies on the 1993 case of *Oalmann v. K-Mart Corp,* where the Louisiana second circuit affirmed judgment in favor of a slip and fall plaintiff. [13] In *Oalmann,* the court found that the judgment was supported by the fact that the defendant merchant had knowledge of the weather conditions on the day in question.[14] The court went on to state that, despite the fact that "evidence does not clearly establish precisely how long the floor was wet prior to [the] fall," given "the volume of business conducted at [such] a large" retailer, it was "foreseeable that the floor near the entrance would become wet, and thus slippery, in a relatively short period of time."[15]

This reliance on *Oalmann* is misplaced. At the outset, Plaintiff has failed to put forth any evidence that the puddle existed for any period of time prior to her fall. It appears to this Court that plaintiff would have the Defendant prove the absence of the puddle. This very issue was addressed by the Louisiana Supreme Court in *Kennedy v. Wal-Mart Stores,* which held that the legislature set forth a clear and unambiguous definition of the term "constructive notice:"

> There is a temporal element included: "such a period of time …" The statute does not allow for the inference of constructive notice absent some showing of this temporal element. The claimant must make a positive showing of the existence of the condition prior to the fall. A defendant merchant does not have to make a positive showing of the absence of the existence of the condition prior to

---

[13] 630 So. 2d 911, 913 (La. App. 4th Cir. 1993).
[14] *Id.*
[15] *Id.*

5

the fall.  Notwithstanding that such would require proving a negative, the statue simply does not provide for a shifting of the burden.[16]

Though the question of whether or not the period of time is sufficient to put the merchant on notice of the condition is a question of fact, the plaintiff must make the prerequisite showing that the condition existed for "some time period" prior to the fall.[17]  This the plaintiff has failed to do.

Accordingly, Plaintiff's failure to meet this prerequisite showing is fatal to her claim and summary judgment in favor of Defendant is warranted.

## CONCLUSION

For the forgoing reasons, Defendant's Motion for Summary Judgment is **GRANTED**.

New Orleans, Louisiana this 12th day of August, 2016.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[16] 733 So. 2d 1188, 1191 (La. 1999).
[17] *Id.*